UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARTHUR A. BLUMEYER III,

    Petitioner,

v.

WARDEN HOLLINGSWORTH,

    Respondent..

Case No. 08-cv-430-JPG

## MEMORANDUM AND ORDER

**I.    Timeliness of Appeal**

This matter comes before the Court on petitioner Arthur A. Blumeyer III's motion for an extension of time to November 28, 2008, to object to two orders of Magistrate Judge Clifford J. Proud (Doc. 36). Blumeyer wants to object to Magistrate Judge Proud's orders of October 30, 2008 (Docs. 32 & 34). Blumeyer filed his objections on November 24, 2008 (Docs. 41 & 42). The Court will grant the motion for an extension of time (Doc. 36) and will deem Blumeyer's objections (Docs. 41 & 42) timely.

**II.    Objections**

A district court reviewing a magistrate judge's decision on nondispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court will affirm Magistrate Judge Proud's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.*

    A.    <u>Appeal of Order at Document 32</u>

Magistrate Judge Proud's order at Document 32 struck Blumeyer's "amended" petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 20) and its supporting exhibits

(Doc. 21) because Blumeyer filed them without leave of court and because he failed to include all his claims in his amended petition. In his objection, Blumeyer asks the Court to reverse Magistrate Judge Proud's order or, in the alternative, allow him to correct the errors in his attempt to amend his petition.

Because Blumeyer filed his "amended" petition before the government had served him with its pleading responsive to his original petition, he had an absolute right under Federal Rule of Civil Procedure 15(a)(1)(A) to do so. He should have been allowed to amend his petition.

However, his "amended" petition was more like a supplement than an amendment because it did not replead the claims set forth in the original petition, which Blumeyer clearly intended to pursue with his "amended" petition. Had Magistrate Judge Proud not stricken Blumeyer's "amended" petition, none of the claims in his original petition would have survived because an amended pleading supersedes, not supplements, the prior pleading. *See Duda v. Board of Ed.. of Franklin Park Public Sch. Dist.*, 133 F.3d 1054, 1057 (7th Cir. 1998); *Wellness Community-National v. Wellness House,* 70 F.3d 46, 49 (7th Cir. 1995). "The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading, and becomes *functus officio*." *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961). Because the proposed amended petition was not a proper amendment, Magistrate Judge Proud was right to strike it.

For these reasons, the Court will affirm Magistrate Judge Proud's order (Doc. 32) striking Blumeyer's "amended" petition and its supporting exhibits. However, to give effect to Blumeyer's right to amend his pleading as a matter of course before the respondent responded, the Court will allow Blumeyer now to file a new amended petition containing the claims he attempted to add in his "amended" petition and will allow the respondent to file an amended response. The amended petition must contain all claims Blumeyer intends to pursue in this

litigation, must comply with Local Rule 15.1 regarding underlining new material, and must attach all materials Blumeyer intends to submit in support of his petition. The Court will order that Blumeyer shall have up to and including January 16, 2009, to file his amended petition and the respondent shall have up to and including February 20, 2009, to file an amended response. The Court will further deny Blumeyer's motion for summary judgment (Doc. 37) without prejudice as it precedes the forthcoming amended complaint which is expected to set forth definitively the claims in this case.

      B.     <u>Appeal of Order at Document 34</u>

Magistrate Judge Proud's order at Document 34 denied without prejudice Blumeyer's motions for an evidentiary hearing (Doc. 24) and to expand the record (Doc. 25) because the threshold issue of whether Blumeyer's claims are cognizable under 28 U.S.C. § 2241 is a legal issue for which no hearing or expansion of the record is necessary. In his objection, Blumeyer asks the Court to reverse Magistrate Judge Proud's order on the grounds that it is necessary to submit evidence that he was actually innocent of the crime of which he was convicted.

Magistrate Judge Proud's order denying for the moment to hold an evidentiary hearing or to expand the record is not clearly erroneous or contrary to law. He is correct that the threshold issue is a legal one requiring no further evidence, and he will surely entertain a request to hold a hearing or expand the record should the case develop such that either is necessary. For this reason, the Court will affirm Magistrate Judge Proud's order (Doc. 34) denying without prejudice Blumeyer's motions for an evidentiary hearing (Doc. 24) and to expand the record (Doc. 25). The Court reminds Blumeyer that he is free to attach to his forthcoming amended petition any materials he chooses. The Court can decide later whether that evidence is relevant to the issues considered by the Court.

### III. Conclusion

For the foregoing reasons, the Court:

- **GRANTS** the motion for an extension of time (Doc. 36) and deems Blumeyer's objections (Docs. 41 & 42) timely;

- **AFFIRMS** Magistrate Judge Proud's order (Doc. 32) striking Blumeyer's "amended" petition and its supporting exhibits;

- **ORDERS** that Blumeyer shall have up to and including January 16, 2009, to file his amended petition and the respondent shall have up to and including February 20, 2009, to file an amended response;

- **DENIES** Blumeyer's motion for summary judgment (Doc. 37) **without prejudice**; and

- **AFFIRMS** Magistrate Judge Proud's order (Doc. 34)denying without prejudice Blumeyer's motions for an evidentiary hearing (Doc. 24) and to expand the record (Doc. 25).

**IT IS SO ORDERED.**
**DATED: December 10, 2008**

                                      s/J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**