IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ARTHUR A. BLUMEYER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Civil No. **08-430-JPG-CJP** |
| WARDEN HOLLINGSWORTH, | ) | |
| Respondent. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is petitioner's renewed request for release pending final ruling on his petition for writ of habeas corpus. **(Doc. 29).** Also before the Court are two other related motions: (1) petitioner's motion for bail <u>or</u> return to F.P.C. Marion after he finishes medical treatment at the federal medical center in Butner, North Carolina **(Doc. 52)**; and (2) petitioner's motion to substitute the warden at FMC Butner as the named respondent **(Doc. 53)**.

Petitioner's principal argument is that keeping him incarcerated is a waste of judicial resources and merely compounds the impact of his alleged false conviction, as he has already served more time than, by his calculations, he should have ever possibly received, and after *United States v. Santos,*__U.S. __, 128 S.Ct. 2020 (June 2008), he is legally innocent of money laundering. Petitioner premises the subject motion on his belief in the strength of his petition and the success of the *Santos* defendants in securing habeas relief. **(*See* Doc. 44-3).** In contrast, respondent views the petition as frivolous because *Santos* is not perceived to be retroactive, and Section 2241 is not perceived to be the appropriate avenue for relief. **(Doc. 30;** *see also* **Doc. 19).**

1

### Transfer to FMC Butner and the Possibility of Returning to FPC Marion

With respect to the proposed return to Marion after medical treatment, respondent asserts that it is the Bureau of Prisons' intention to do just that. **(Doc. 54).** However, petitioner counters that he has been told that he would be transferred to a facility near Butner for two years. **(Doc. 55).** Accordingly, petition has moved to substitute the warden of FMC Butner as the named respondent to the petition for writ of habeas corpus. Most recently, respondent has indicated petitioner's course of treatment related to colon cancer is still being evaluated. **(Doc. 57).** Although respondent contends the Court has sufficient evidence to rule on the petition, respondent also indicates he has no objection to a stay until treatment is concluded (and presumably petitioner is returned to FPC Marion).

Petitioner's location is essential to identifying the proper custodian to respond to the petition. Section 2241, requires the petition be filed in the territorial jurisdiction of petitioner's custodian. **28 U.S.C. § 2241(a);** *Ex parte Mitsuye Endo*, **323 U.S. 283 305-306 (1944);** *Moore v. Olson*, **368 F.3d 757, 758-760 (7th Cir. 2004).** "Only in an exceptional case may a court deviate from those basic rules to hear a habeas petition filed against some person other than the immediate custodian of the prisoner, or in some court other than the one in whose territory the custodian may be found." *Rumsfeld v. Padilla,* **542 U.S. 426, 454 (2004).** Neither petitioner nor respondent have addressed the effect of petitioner's transfer from this district.

Obviously, the Court does not desire to interfere with petitioner's medical treatment, and the Court does not typically interfere with inmate placement decision, which are better left to the Bureau of Prisons. Therefore, the Court will not order that petitioner be returned to FPC Marion, and petitioner's motion for transfer **(Doc. 52)** is denied in that respect. However, the Court will

2

require respondent to address petitioner's status at FMC Butner and the prospects for return to FPC Marion. Petitioner will be afforded a brief period of time to: (1) respond to the information provided by respondent; (2) confirm that he wants to substitute the warden of FMC Butner as the respondent; and (3) formally state his position regarding this Court's jurisdiction and whether a stay or transfer is appropriate. By requesting that the parties address these matters, the Court is in no way indicating that respondent's argument that the petition should be dismissed on its face has merit. After receiving the requested information, the Court anticipates issuing a Report and Recommendation regarding the disposition of the petition.

**Release Pending Dispositionof the Petition**

Although many procedural issues remain in a fog, the Court will proceed to petitioner's two motions seeking release pending final disposition of the petition.

The Court has inherent authority to admit a petitioner to bail pending final ruling on a petition for writ of habeas corpus, but that power should be exercised "very sparingly." ***Cherek v. United States,* 767 F.2d 335, 337 (7th Cir. 1985).**

> The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Id.*

Although petitioner may be confident in the strength of his petition, the Court does not perceive an error so glaring as to warrant petitioner's immediate release on bond, effectively shaving about four years off of his 262 month sentence. Although the Court has yet to give the

3

parties' briefs full consideration, this Court does not perceive that *United States v. Santos* is a panacea. Furthermore, petitioner's conviction has been affirmed on direct appeal, and post conviction relief pursuant to 28 U.S.C. § 2255 has been unsuccessful. Although petitioner presents a new ground for relief, the government challenges this Court's jurisdiction. (*See* **Doc. 19**). And, the aforementioned procedural issues must be addressed before the merits of the pending Section 2241 petition may be decided. Therefore, the interests of justice would be poorly served by releasing petitioner pending final resolution of his petition.

**IT IS THEREFORE ORDERED** that petitioner's motions for release or transfer **(Docs. 29 and 52)** are **DENIED** in all respects.

**IT IS FURTHER ORDERED** that the Court reserves ruling on petitioner's motion for leave to substitute the warden at FMC Butner as the named respondent **(Doc. 53).**

**IT IS FURTHER ORDERED** that on or before **September 24, 2009**, respondent shall address in writing (by notice or motion), petitioner's status at FMC Butner and the prospects for return to FPC Marion, as well as the jurisdictional issues highlighted by the Court.

**IT IS FURTHER ORDERED** that on or before October 16, 2009, petitioner shall: (1) respond to the information provided by respondent; (2) confirm that he wants to substitute the warden of FMC Butner as the respondent; and (3) formally state his position regarding this Court's jurisdiction and whether a stay or transfer is appropriate.

**DATED: September 2, 2009**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**